[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 27, 1996
On September 6, 1994, the plaintiff, John Doe, filed an amended complaint against the defendants, Norwich Roman Catholic Diocesan Corporation (the diocese) and Father Raymond Jean, for damages sustained as a result of the defendant Jean's alleged sexual abuse of the plaintiff while he was a minor.[1] On January 20, 1995, the diocese filed a motion for summary judgment on the grounds that: (1) the plaintiffs claims against the diocese are barred by the statute of limitations; (2) the diocese cannot be held liable under the doctrine of respondeat superior; and (3) evaluation of the claims against the diocese would violate the Free Exercise Clause of the First Amendment to the United States Constitution. The diocese filed a memorandum of law with its motion, and a supplemental memorandum with supporting affidavits on October 26, 1995. On December 28, 1995, the plaintiff filed a memorandum in opposition, and on April 2, 1996, the diocese filed a reply memorandum with attachments.
I. LEGAL STANDARD
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving CT Page 5061 party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo,. 235 Conn. 185, 202, 663 A.2d 1001 (1995).
II. DISCUSSION
A. Statute of Limitations
As a preliminary matter, the court addresses the parties' disagreement as to the applicable statute of limitations. According to the diocese, General Statutes § 52-584[2] applies because the plaintiff's cause of action against it sounds in negligence. The plaintiff contends, however, that the applicable statute of limitations is not § 52-584, but rather § 52-577d, in which case the plaintiffs action would be timely. Section 52-577d
provides that:
 Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority.
The diocese argues in the alternative that even if § 52-577d
is applicable, it only applies to actions against the actual perpetrators of the alleged sexual misconduct.
The recent decisions of several courts that have addressed these issues indicate that § 52-577d is the applicable statute of limitations under the circumstances, and that the statute is not limited to actions against the actual perpetrators of the abuse. See, e.g., Nutt v. Norwich Roman Catholic Diocese,
Docket No. 3:94CV00776 (AVC) (D. Conn. March 28, 1995); Almontev. New York Medical College, 851 F. Sup. 34 (D. Conn. 1994);Milhomme v. Levola, Superior Court, judicial district of Windham at Putnam, Docket No. 48326 (July 14, 1995) (Foley, J., 14 CONN. L. RPTR. 517); Coburn v. Ordner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306715 (March 23, 1995) (Gormley, J., 14 CONN. L. RPTR. 9); See v. Bridgeport RomanCatholic Diocesan Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 300948 and 302072 (September 16, 1993) (Freedman, J., 10 CONN. L. RPTR. 51). The court finds the reasoning in these decisions persuasive. Accordingly, the CT Page 5062 extended statute of limitations in General Statutes § 52-577d
applies in this case, and the complaint is timely.
B. Respondeat Superior
According to the plaintiff, the alleged sexual abuse "occurred while the defendant, Raymond Jean, was acting as a Roman Catholic priest, supervising altar boys, cloaking his conduct with and through the sacraments of the Church, all of which were within the scope of his employment, for which the defendant diocese is vicariously liable." The diocese argues, however, that it cannot be held liable under the doctrine of respondeat superior.
Connecticut "has long adhered to the principle that in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business." A-GFoods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208,579 A.2d 69 (1990). "Ordinarily, it is a question of fact as to whether a willful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business . . . But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." (Citation omitted.) Id., 207.
Clearly, as a matter of law, when a priest is alleged to have sexually abused a minor, such action cannot be considered within the scope of his employment or in furtherance of the interests of the church. See Nutt v. Norwich Roman Catholic Diocese, supra.
Accordingly, the diocese's motion for summary judgment as to the claims based upon the doctrine of respondeat superior is granted.
C. Free Exercise Clause
The diocese also argues that any additional claims against it are barred by the Free Exercise of Religion Clause of theFirst Amendment to the United States Constitution.[3] The plaintiff argues in opposition, however, that the negligence claims against the diocese do not implicate any religious belief or practice, and thus, the Free Exercise Clause is inapplicable.
The Supreme Court has held that "[a]t a minimum, the protections of the Free Exercise Clause pertain if the law at CT Page 5063 issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." Church of Lukumi Babalu Aye., Inc. v. City ofHialeah, 113 S.Ct. 2217, 2226 (1993). In considering the precise issue presented in this case, the court in Nutt v. Norwich RomanCatholic Diocese, supra stated that:
 [I]t is difficult to see how the plaintiff's claims against the defendants would foster excessive entanglement with religion. The common law doctrine of negligence does not intrude upon the free exercise of religion, as it does not discriminate against [a] religious belief or regulate or prohibit conduct because it is undertaken for religious reasons . . . The court's determination of an action against the defendants based upon their alleged negligent supervision of [a priest] would not prejudice or impose upon any of the religious tenets or practices of Catholicism. Rather, such a determination would involve an examination of the defendants possible role in allowing one of its [employees] to engage in conduct which they, as employers, as well as society in general[,] expressly prohibit. Since the Supreme Court has consistently failed to allow the Free Exercise Clause to relieve [an] individual from obedience to a general law not aimed at the promotion or restriction of religious beliefs, the defendants [cannot] appropriately implicate the First Amendment as a defense to their alleged negligent conduct.
(Citations omitted; internal quotation marks omitted.) Id.
Accordingly, the diocese's motion for summary judgment based on the Free Exercise Clause is denied.
III. CONCLUSION
In conclusion, the diocese's motion for summary judgment is granted in part and denied in part. The motion is granted with respect to the plaintiffs claims based upon the doctrine of respondeat superior. In all other respects, the motion for summary judgment is denied.
STENGEL, J.